Brian J. Wagner, SBN 239981
Sarah E. Elsden, (WA #51158,
*pro hac vice forthcoming)*
5 Park Plaza, Suite 1500
Irvine, CA 92617-8595
Telephone:   (949) 417-0999
Facsimile:    (949) 417-5394
Email:   brian.wagner@kutakrock.com
Email:   sarah.elsden@kutakrock.com

Attorneys for Plaintiff
Hexagon Manufacturing Intelligence, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Hexagon Manufacturing Intelligence, Inc., a Delaware corporation,

　　　　　　　　　　Plaintiff,

v.

Trosak Cabinets, Inc., a California corporation; Matthew Trosak, Jr., an individual; and Michael Rhymer, an individual,

　　　　　　　　　　Defendants.

No. '24CV1425 RBM KSC

Complaint for Copyright Infringement, Vicarious Copyright Infringement, Breach of Contract and Permanent Injunction

Plaintiff Hexagon Manufacturing Intelligence, Inc. asserts the following claims against Defendants Trosak Cabinets, Inc., Matthew Trosak, Jr., and Michael Rhymer.

## NATURE OF THE ACTION

1.   Plaintiff Hexagon Manufacturing Intelligence, Inc. ("Hexagon") is a Delaware corporation and a world-renowned leader in computer-aided design and manufacturing technology. Hexagon develops and licenses software to support design and manufacturing processes for tooling, production engineering, sheet metal, metal fabrication, stone, and woodworking industries.

2.   Hexagon's innovative "Cabinet Vision" software affords the

production machining market with a computer-aided manufacturing software for cabinet and countertop designing, machining, and manufacturing.

3. This is an action against Defendant Trosak Cabinets, Inc. ("Trosak Cabinets"), a custom cabinetry company located in San Marcos, California for infringing Hexagon's exclusive rights under the Copyright Act (17 U.S.C. § 101 *et seq.*), arising out of Trosak Cabinets' and its employees or agents Matthew Trosak, Jr.'s and Michael Rhymer's unauthorized copying of unlicensed Cabinet Vision software (collectively, "Defendants"). Defendants committed willful and blatant acts of copyright infringement by improperly copying unlicensed software without authorization for their own financial gain.

4. Hexagon informed Defendants of their infringement and demanded they end their unlawful copying and use of the unlicensed Cabinet Vision software. Defendants refused to come into compliance or remedy their wrongdoing.

5. Hexagon should be awarded injunctive relief and monetary damages to remedy and redress Defendants' willful piracy of Hexagon's copyrighted software.

## PARTIES

6. Hexagon is a corporation organized under the laws of the State of Delaware, with its principal place of business at Hexagon Manufacturing Intelligence, 250 Circuit Drive, North Kingstown, Rhode Island, 02852.

7. Hexagon has obtained Certificates of Copyright Registration for its suite of Cabinet Vision software products, including, but not limited to, Registration Numbers TXu 002-220-607, TX 0008-901-224, TX 0008-901-018, and TX 0008-990-027 (the "Copyrighted Works").

8. On information and belief, Trosak Cabinets exists under the laws of the State of California, with its registered and principal place of business at 1478

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
Of Contract, and Permanent Injunction - 2

KUTAK ROCK LLP
Attorneys at Law
5 Park Plaza, Suite 1500
Irvine, California 92614

Alpine Pl., San Marcos, CA 92078.

9. On information and belief, Matthew H. Trosak and Michael Rhymer reside in California and are or were employed by Trosak Cabinets or work in this judicial district.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 17 U.S.C. § 501(b) because this is an action arising under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, seeking damages, injunctive, and other relief.

11. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Hexagon and Defendants are citizens of different states and the amount in controversy is believed to exceed $75,000.

12. This Court has personal jurisdiction over Trosak Cabinets because it is a California corporation with its office and principal place of business in San Marcos, California.

13. This Court has personal jurisdiction over Matthew Trosak, Jr. because he is a California resident who, on information and belief, works in San Marcos, California and resides in California.

14. This Court has personal jurisdiction over Michael Rhymer because he is a California resident who, on information and belief, works in San Marcos, California and resides in California.

15. On information and belief, Defendants transact, conduct, and solicit business within California and within this judicial district. Defendants committed tortious acts within California and in this judicial district. On information and belief, Defendants may own, use, or possess property in the State of California.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

# BACKGROUND FACTS

## Plaintiff Hexagon and its Copyrighted Works

17. Vero Software Inc. is the author of the Copyrighted Works.

18. On June 17, 2021, Vero Software, Inc. merged into Hexagon Manufacturing Intelligence, Inc. pursuant to an Agreement of Merger and Certificate of Merger of Foreign Corporation into a Domestic Corporation.

19. Hexagon owns and controls all exclusive rights in and to the Copyrighted Works it distributes and non-exclusively licenses to customers to assist with the operation of Computer Numerical Control ("CNC") machinery.

20. Cabinet Vision is a computer-aided manufacturing ("CAM") system that provides an excellent CAM platform, full of functionality to help businesses become more productive and profitable.

21. Hexagon does not manufacture CNC machinery. Although some CNC machinery is designed with integrated operating software, most commercial CNC machinery is separate from the operating software, allowing the machinery owner to select and buy the most appropriate applications to suit its needs.

22. Cabinet Vision allows a customer's computers and CNC machinery to work in tandem in a networked environment, designing, storing and modifying files, and then using those files to fashion products for sale.

23. From 2005 through 2013, Trosak Cabinets purchased five non-exclusive licenses to Cabinet Vision from Hexagon (collectively, the "Valid Licenses"). Without an operating system like Cabinet Vision, a CNC machine cannot produce custom products for sale like the products Trosak Cabinets sells to its customers.

24. Critical to the success of its business, Hexagon protects its Copyrighted Works under the terms of an End User License Agreement ("EULA").

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
Of Contract, and Permanent Injunction - 4

KUTAK ROCK LLP
Attorneys at Law
5 Park Plaza, Suite 1500
Irvine, California 92614

The EULA explicitly provides that Hexagon, as licensor, does not sell its software to its customers.

25. In consideration of a customer's compliance with the terms of the EULA and payment of a license fee, Hexagon grants its legitimate customers, as licensees, a non-exclusive, non-sublicensable, non-transferable, limited license to install, access, and use the licensed software under the terms of the EULA.

26. The EULA is included as part of the installation process for each version of the Cabinet Vision software. In turn, a user must agree to the terms of the EULA prior to installation.

27. To safeguard its Copyrighted Works, Hexagon implements security measures to discover and deter piracy. Specifically, the EULA permits Hexagon to utilize internal diagnostic tools (i.e., technical protection measures or "TPM") to detect and collect data concerning the installation and/or use of unauthorized copies of the Copyrighted Works.

28. Using the TPM, Hexagon can monitor usage of its Copyrighted Works. This allows Hexagon to know if a product was copied and accessed.

29. Users of the Copyrighted Works consent to the use of the TPM and the detection and collection of personally identifiable data, as well as transmission and use of that data if an unlicensed copy is detected.

30. Hexagon offers and sells Cabinet Vision licenses and maintenance support plans using established price lists.

31. Hexagon continually works to improve its suite of Cabinet Vision products. Customers who utilize maintenance support plans with Hexagon are entitled to new releases of the software products as well as certain updates and technical support.

32. Hexagon requires its new customers to purchase a maintenance

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
Of Contract, and Permanent Injunction - 5

KUTAK ROCK LLP
Attorneys at Law
5 Park Plaza, Suite 1500
Irvine, California 92614

support plan upon the purchase of a new valid Cabinet Vision license. Customers are not required to, but may, purchase additional yearly maintenance support plans thereafter.

33. The Copyrighted Works contain materials wholly original to Hexagon and consist of copyrightable subject matter under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq*.

34. Hexagon has not provided authorization, permission, or consent to Defendants to copy or install unlicensed infringing copies of Hexagon's Copyrighted Works.

### Defendants' Unlawful Conduct

35. Like all users of Hexagon's Copyrighted Works, and as a prerequisite to installation, each time a person installs a version of Hexagon's software, the user is required to accept the terms and conditions of the click-through EULA.

36. Despite Hexagon's diligence to eliminate piracy affecting the development of new technology and causing significant revenue loss to software companies worldwide, Hexagon's TPM revealed that Defendants engaged in furtive, unlawful, and infringing conduct.

37. Trosak Cabinets agreed to the terms of EULAs embedded in the Valid Licenses upon installation of each Cabinet Vision.

38. Hexagon discovered that on February 11, 2023, Defendant Michael Rhymer copied and accessed an unlicensed Cabinet Vision on computer identified as "desktop-vmtacbi" with username "mike1" on the same IP address Trosak Cabinets and its employees used to access its Valid Licenses.

39. In addition, Hexagon discovered that on September 19, 2023, Defendant Matthew Trosak, Jr. copied and accessed an unlicensed Cabinet Vision on a computer identified as "Heisenberg" with username "matth" on WiFi access

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
Of Contract, and Permanent Injunction - 6

KUTAK ROCK LLP
Attorneys at Law
5 Park Plaza, Suite 1500
Irvine, California 92614

point "Trosak" at Trosak's facility in San Marcos, California (33.1378 latitude, -117.1991 longitude) and on the same IP addresses Trosak Cabinets and its employees used to access the Valid Licenses.

40. Hexagon demanded Defendants stop infringing the Copyrighted Works. Defendants have refused to confirm they will cease and desist and have refused to remedy their wrongdoing.

41. Defendants infringed Hexagon's Copyrighted Works without compensation to Hexagon and in direct violation of the EULA and federal copyright law.

42. The cost of the Cabinet Vision software is $72,000 per license.

43. Defendants have not paid for or otherwise obtained additional licenses to copy and access Cabinet Vision.

44. Without right or authorization, Defendants copied two unlicensed Cabinet Vision products (collectively, the "Infringing Products"), presumably to use with Trosak Cabinets' CNC machine in addition to its Valid Licenses at its facility in San Marcos, California.

45. On information and belief, Defendants accessed the Infringing Products to conduct business.

46. On information and belief, Defendants used the Infringing Products to create files and/or to manufacture products for which Trosak Cabinets charges its customers.

47. On information and belief, Defendants have directly profited from the unauthorized and illegal use of the Infringing Products.

48. Defendants knew or should have known copying and use of the Infringing Products violated Hexagon's copyrights and the EULA, especially because the Copyrighted Works contain explicit notices identifying the copyright

owner and because Trosak Cabinets was a preexisting Hexagon customer when it infringed Hexagon's Copyrighted Works.

49. Defendants are in willful violation of the law for copying the Infringing Products without a valid license.

50. As part of Defendants' installation of the Valid Licenses and the Infringing Products, Trosak Cabinets entered valid and binding contracts with Hexagon (*i.e.*, the EULAs) related to prohibited use of Hexagon's software and other terms and conditions.

51. Specifically, Trosak Cabinets agreed unauthorized use of Hexagon's Cabinet Vision work constitutes a material breach of the EULA.

52. Trosak Cabinets further agreed that use of Hexagon's software outside the scope of the license grant constitutes infringement of Hexagon's intellectual property rights.

53. Trosak Cabinets further agreed to be responsible for its users' compliance with the EULA.

54. Trosak Cabinets also agreed to indemnify Hexagon and its affiliates against any and all losses and expenses, including reasonable attorney fees, in connection with any legal proceeding arising out of unauthorized installation, use of, or access to Hexagon's software products, including, but not limited to, claims that such conduct infringes Hexagon's intellectual property rights.

55. Trosak Cabinets further agreed that in the event of a breach of the EULA for unauthorized use of Hexagon's Cabinet Vision program, Trosak Cabinets shall pay Hexagon for the period of the installation of illegal use of Hexagon's software, purchase replacement software licenses, purchase a three-year maintenance support plan, and pay anti-piracy and compliance fees.

56. Notwithstanding, Hexagon's remedy at law is inadequate to

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
Of Contract, and Permanent Injunction - 8

KUTAK ROCK LLP
Attorneys at Law
5 Park Plaza, Suite 1500
Irvine, California 92614

compensate it fully for its injuries. Unless enjoined, Defendants' actions will likely continue, causing irreparable damage to Hexagon. It would be extremely difficult or impossible to estimate the amount of compensation necessary to afford Hexagon complete monetary relief for continuing acts damaging Hexagon's intangible assets and goodwill. Absent injunctive relief, Hexagon will continue to be harmed by Defendants' infringing activities.

## COUNT I
## Copyright Infringement against
## Defendants Michael Rhymer and Matthew Trosak, Jr. (17 U.S.C. § 501)

57. Hexagon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

58. Hexagon is the owner of exclusive rights in and to the Copyrighted Works, and is entitled to bring an action for copyright infringement pursuant to 17 U.S.C. § 501, *et seq.*

59. Defendants Michael Rhymer and Matthew Trosak, Jr. did not have Hexagon's authorization to copy, install, or use the Infringing Products.

60. Messrs. Rhymer and Trosak, Jr. copied the Infringing Products and, therefore, infringed Hexagon's exclusive rights granted by the Copyright Act, 17 U.S.C. § 106.

61. Messrs. Rhymer's and Trosak, Jr.'s acts of infringement are willful and are in disregard of and with indifference to Hexagon's rights given the notices on the Copyrighted Works "About" page viewable at installation and because Trosak is a preexisting Hexagon customer.

62. On information and belief, Messrs. Rhymer and Trosak, Jr. profited by their unlawful actions.

63. As a direct and proximate result of the infringement, Hexagon is entitled to actual damages and any ill-gotten profits in amounts to be proven at trial.

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
Of Contract, and Permanent Injunction - 9

KUTAK ROCK LLP
Attorneys at Law
5 Park Plaza, Suite 1500
Irvine, California 92614

64. Alternatively, at its election, Hexagon is entitled to statutory damages up to the maximum amount of $150,000 per infringing work (here, two) for willful infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

65. Hexagon further is entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

66. As a direct and proximate result of Messrs. Rhymer's and Trosak, Jr.'s acts and conduct, Hexagon has sustained, and will sustain, substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Messrs. Rhymer and Trosak, Jr. will likely continue to infringe Hexagon's rights in the Copyrighted Works. Hexagon is entitled to injunctive relief under 17 U.S.C. § 502.

### COUNT II
### Vicarious Copyright Infringement
### against Trosak Cabinets

67. Hexagon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

68. Hexagon is the owner of exclusive rights in and to the Copyrighted Works, and is entitled to bring an action for copyright infringement pursuant to 17 U.S.C. § 101, *et seq*.

69. On information and belief, Messrs. Rhymer and Trosak, Jr. are or were employed by Trosak Cabinets.

70. Trosak Cabinets has a direct financial interest in the infringing activity of its employees, including Messrs. Rhymer and Trosak, Jr., by profiting from the products it makes, creates, designs, and sells to consumers.

71. Trosak Cabinets has the right and ability to supervise the infringing activity of its employees and agents, including Messrs. Rhymer and Trosak, Jr., and

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
Of Contract, and Permanent Injunction - 10

KUTAK ROCK LLP
Attorneys at Law
5 Park Plaza, Suite 1500
Irvine, California 92614

the right to monitor computer usage at and for Trosak.

72. Trosak Cabinets did not have Hexagon's authorization to install, use, or copy the Infringing Products, nor to permit, condone, or authorize its employees or agents to do so.

73. Trosak Cabinets failed to stop or prevent its employees or agents, including Messrs. Rhymer and Trosak, Jr., from installing, using, and copying the Infringing Products.

74. On information and belief, Trosak Cabinets directly benefited and profited from Messrs. Rhymer and Trosak, Jr.'s direct infringement by selling products—created using the Infringing Products—to Trosak Cabinets' customers for its financial benefit. Use of the Infringing Products provides the instrumentality by which Trosak Cabinets manufactures the products it sells to its customers, which in turn acts as a draw for its customers.

75. As a direct and proximate result of the vicarious infringement by Trosak Cabinets, Hexagon is entitled to actual damages and Trosak Cabinets' profits in amounts to be proven at trial.

76. Alternatively, at its election, Hexagon is entitled to statutory damages, up to the maximum amount of $150,000 per infringing work (here, two) for Trosak Cabinets' vicarious infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

77. Hexagon further is entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

78. As a direct and proximate result of Trosak Cabinets' acts and conduct, Hexagon has sustained, and will sustain, substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Trosak Cabinets will likely continue to infringe Hexagon's rights in

the Copyrighted Works. Hexagon is entitled to injunctive relief under 17 U.S.C. § 502.

## COUNT III
### Breach of Contract against Trosak Cabinets

79. Hexagon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

80. Trosak Cabinets entered valid and binding contracts (*i.e.*, the EULAs) with Hexagon upon installation of the Valid Licenses and the Infringing Products.

81. Specifically, Trosak Cabinets agreed unauthorized use of Hexagon's Cabinet Vision work constitutes a material breach of the EULA.

82. Trosak Cabinets further agreed that use of Hexagon's software outside the scope of the license grant constitutes infringement of Hexagon's intellectual property rights.

83. Trosak Cabinets further agreed to be responsible for its users' compliance with the EULA.

84. Trosak Cabinets also agreed to indemnify Hexagon and its affiliates against any and all losses and expenses, including reasonable attorney fees, in connection with any legal proceeding arising out of unauthorized installation, use of, or access to Hexagon's software products, including, but not limited to, claims that such conduct infringes Hexagon's intellectual property rights.

85. Trosak Cabinets further agreed that in the event of a breach of the EULA for unauthorized use of Hexagon's Cabinet Vision program, Trosak Cabinets shall pay Hexagon for the period of the installation of illegal use of Hexagon's software, purchase replacement software licenses, purchase a three-year maintenance support plan, and pay anti-piracy and compliance fees.

86. As a result of Trosak Cabinets' breaches, Hexagon has been damaged and continues to be damaged in an amount to be proven at trial.

Complaint for Copyright Infringement,
Vicarious Copyright Infringement, Breach
Of Contract, and Permanent Injunction - 12

KUTAK ROCK LLP
Attorneys at Law
5 Park Plaza, Suite 1500
Irvine, California 92614

## COUNT IV
## Permanent Injunction (17 U.S.C. § 502(a)) against Defendants

87. Hexagon incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

88. Defendants copied, downloaded, and accessed unlicensed Infringing Products. Defendants have failed to confirm they will cease using the unauthorized software.

89. Defendants' blatant disregard for the law shows they are likely to continue to engage in future wrongful conduct.

90. Hexagon does not have an adequate remedy at law to guard against future infringement by Defendants.

91. Hexagon requests a permanent injunction be entered against Defendants prohibiting continued infringement of Hexagon's copyrights pursuant to 17 U.S.C. § 502(a).

## PRAYER FOR RELIEF

Hexagon prays for judgment against Matthew Trosak, Jr., Michael Rhymer, and Trosak Cabinets, and its affiliates, agents, servants, employees, partners and all persons in active concert or participation with them, for the following relief:

1. Award Hexagon actual damages and profits in such amount as may be found; alternatively, at Hexagon's election, for maximum statutory damages for each act of willful infringement; or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c);

2. Award Hexagon damages for breach of the EULA, including, but not limited to the value of the Infringing Product, the cost of a three-year maintenance support policy, and additional fees as may be proper under the terms of the EULA;

3. Issue an order permanently enjoining Defendants, and all persons

acting in concert or participation with them, from infringing any of Hexagon's exclusive rights under 17 U.S.C. § 106 by using the Copyrighted Works.

4. For treble damages, costs and prejudgment interest, and for such other amounts as may be proven at trial or as otherwise provided by federal or state law.

5. For Hexagon's attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 505, under the terms of the EULA, and pursuant to common law or statutory rights.

6. For other and further relief, in law or in equity, to which Hexagon may be entitled or which the Court deems just and proper.

DATED this 9th day of August, 2024.

          s/Brian J. Wagner
          Brian J. Wagner, Esq., CA Bar # 239981
          Sarah E. Elsden, [WA 51158, *pro hac vice forthcoming*]
          Kutak Rock LLP
          Brian.Wagner@kutakrock.com
          Sarah.Elsden@kutakrock.com
          *Attorneys for Plaintiff*